IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| DWIGHT WAYNE ROGERS, JR. | § | |
| VS. | § | CIVIL ACTION NO. 4:13cv573 |
| DIRECTOR, TDCJ-CID | § | |

ORDER OF DISMISSAL

Petitioner Dwight Wayne Rogers, Jr., a prisoner confined in the Texas prison system, proceeding *pro se*, filed the above-styled and numbered petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The cause of action was previously referred to United States Magistrate Judge Christine A. Nowak, who issued an Amended Report and Recommendation concluding that the petition should be dismissed as barred by the applicable statute of limitations. Petitioner has filed objections.

Petitioner states that he purchased a copy of the state court records concerning his conviction from the Court of Appeals for the Second District in 2010. When he received the records, he discovered Exhibit 20 and a graph he contends should have been a part of Exhibit 19 were not part of the record. He then made several attempts to obtain a copy of Exhibit 20 and the graph. He states he received a letter from the court reporter dated May 2, 2012. The letter stated that Exhibit 20 was an enlargement of the graph petitioner refers to, and that it was not part of the record because it was admitted by the court for demonstrative purposes only.[1]

Title 28 U.S.C. § 2244(d)(1)(D) provides that the one-year period of limitations applicable to petitions seeking a writ of habeas corpus may begin to run on the date the factual predicate of the claim could be discovered by due diligence. Petitioner contends the period of limitations regarding Exhibit 20 and the graph being missing began to run on May 2, 2012, the date of the court reporter's letter. The magistrate judge disagreed. She concluded petitioner could have discovered the factual

---

[1] The court reporter's statement that Exhibit 20 was admitted for demonstrative purposes only is mistaken. While Exhibit 20 was originally offered for demonstrative purposes only, it was subsequently offered and admitted for all purposes.

predicate of his claim regarding Exhibit 20 in 2010, when he discovered that Exhibit 20 was missing from the copy of the state court records he purchased. She further concluded he could have discovered the factual predicate of his claim regarding the graph not being included as part of Exhibit 19 at the time of trial, when his presence at trial should have put him on notice as to whether Exhibit 19 should have contained a graph or was purely textual. As these dates were earlier than the date on which petitioner's conviction became final, the magistrate judge concluded that the period of limitation applicable to all of petitioner's grounds for review, including those relating to Exhibit 20 and the graph, began to run on July 12, 2011, when petitioner's conviction became final, as provided by Section 2244(d)(1)(A). Allowing for statutory periods of tolling, the period of limitations expired on December 17, 2012, prior to the date on which the current petition was filed. The magistrate judge further concluded petitioner was not entitled to equitable tolling. Petitioner objects to both of the magistrate judge's conclusions.

*When Did the Period of Limitations Begin to Run ?*

As set forth above, petitioner contends the period of limitations did not begin to run until May, 2012, when he received the letter from the court reporter. He states that after he discovered Exhibit 20 and the graph were missing from his copy of the state court records, he spent two years diligently writing letters to officials at the Denton County Courthouse and the Texas Court of Appeals for the Second District. Eventually, in March, 2012, he received a letter from a court reporter instructing him to contact the manager of the Denton County Records Management Department because the exhibits from his trial were in storage with that department. The manager did not respond to a letter petitioner wrote. Instead, petitioner received a letter dated April 16 from the District Clerk stating petitioner would need to obtain a court order to receive any of the exhibits. Two weeks later, he received another letter from the court reporter, dated May 2. The letter stated Exhibit 20 had been marked "For Demonstrative Purposes Only," was not submitted to the jury and was returned to the prosecutor at the conclusion of trial. Petitioner contends he was not aware Exhibit 20 was missing, as opposed to being inadvertently omitted from his copy of the records, until

2

he received the final letter. He further contends he was not aware Exhibit 19 should have contained a graph until he received the letter, which made reference to a graph.

Petitioner's contentions are without merit. Petitioner admits that in 2010 he was aware that his copy of the state court records did not contain Exhibit 20. At that point, he was aware of the factual basis of his ground for reviews relating to Exhibit 20 being missing.

Further, his presence at trial would have made him aware as to whether Exhibit 19 should have contained a graph or was purely textual. Exhibit 19 is a report generated by James Nichols, a forensic scientist called as an expert witness by the prosecution. It is unclear whether Exhibit 19 contained a graph or was supposed to contain a graph. During trial, Mr. Nichols stated Exhibit 20 was an enlargement of the original he had in his report. (Reporter's Record, Vol. 3, p. 274). However, this statement does not actually appear to be a reference to a graph in Exhibit 19 as on the same page Mr. Nichols stated Exhibit 20 was the DNA profile of a piece of evidence, indicating Exhibit 20 was a graphical representation of data set forth in textual form in Exhibit 10, as he stated elsewhere in his testimony. (RR, Vo. 3, p. 275). Nevertheless, the statement by Mr. Nichols regarding Exhibit 20 being an enlargement of the one he had in his report would have been sufficient to put the defense on notice that perhaps Exhibit 19 should have included a graph that had not been provided to the court or the defense. Inquiries could have been made at that time to determine whether a graph should have been included as part of Exhibit 19. While his making inquiries concerning Exhibit 20 may have been understandable, no response to any inquiry was need for petitioner to be aware of a factual basis for a claim that Exhibit 20 and the graph were missing from the state court records.

Petitioner further contends the running of the period of limitations should have been delayed until impediments to his filing his petition were removed. Section 2244(d)(1)(B) provides that the period of limitations does not begin to run until the date on which an impediment to filing a petition created by state action in violation of the Constitution or laws of the United States is removed. Petitioner contended Section 55.028 to the Texas Government Code constituted such an impediment.

This statute states that no person working in a state agency is obligated to reply to any correspondence from a prisoner. The magistrate judge concluded Section 552.028 did not prevent petitioner from filing his petition as he could have been aware of any claims relating to missing or incomplete exhibits either when he received his copy of the state court records or at the time of trial. As these dates would have been prior to the date on which he began to make his inquiries, any delay he experienced in receiving a response to his inquires would not have prevented him from filing his petition.

Petitioner disagrees. He states Section 552.028 made it possible for government officials to either not respond to his inquires or to not respond as quickly as they would have to inquiries made by a person who was not incarcerated. However, petitioner has submitted no evidence that Section 552.028 caused government officials to ignore his inquiries or to delay in making their responses. Moreover, the magistrate judge's conclusion that Section 552.028 did not prevent petitioner from filing his petition is correct. Even if government officials relied on Section 552.028 to petitioner's detriment, as explained above, he could have been aware of the factual basis of his claims before he began making inquiries to state officials.

Petitioner also asserts misconduct or negligence by court employees or the prosecution constituted an impediment to his filing his petition at an earlier time. The magistrate judge concluded that even if it is assumed misconduct or negligence existed, it did not prevent petitioner from filing his petition at an earlier date. She stated that any misconduct or negligence would have taken place between the time of trial, when petitioner could have discovered a graph was missing from Exhibit 19, and the date on which petitioner received the court records, when he discovered Exhibit 20 was missing. Accordingly, any alleged misconduct or negligence would not have prevented petitioner from asserting his claims when he became aware of the factual basis for the claims.

Petitioner objects to this conclusion and states he had to write letters for more than two years in order to receive a response. However, the court agrees with the conclusion of the magistrate

judge. Even if it is assumed the prosecution acted improperly by withholding a graph that should have been part of Exhibit 19, and further assumed that court employees acted negligently in not including a copy of Exhibit 20 in the court records, petitioner could have been aware the graph and Exhibit 20 were not part of the record at the time of trial and when he received the state court records, respectively. Any misconduct or negligence therefore did not prevent petitioner from asserting his claims on the dates he could have been aware of them.

*Equitable Tolling*

Petitioner also asserted he is entitled to equitable tolling. "In rare and exceptional circumstances," the statute of limitations "can be equitably tolled." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). However, equity is not intended for those who sleep on their rights. As a result, in order to be entitled to equitable tolling, "a petitioner must show (1) that he has been pursing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Manning v. Epps*, 688 F.3d 177, 184 (5th Cir. 2012).

After he received the court reporter's letter, petitioner waited more than a month before filing his state application for writ of habeas corpus. He states this delay was caused by having limited access to the law library and the fact that his unit was locked down during part of the period. After his state application was denied, petitioner waited almost nine months before filing his federal petition. He states that the form used to file a petition under Section 2254 is not clear as to how to file petitions regarding convictions arising from multiple indictments that are tried together.[2] After conducting research on the matter both before and after his state application was denied, he wrote letters seeking guidance to this court, the United States Court of Appeals for the Fifth Circuit and other district courts within the state. The Fifth Circuit told him it was up to the individual district

---

[2] Two indictments were returned against petitioner. One indictment charged petitioner with one count of aggravated sexual assault and the other indictment charged him with three counts of aggravated sexual assault. The indictments were tried together and petitioner was convicted of all charges. The current petition challenges the conviction based on the single count indictment. Petitioner challenged the convictions resulting from the three-count indictment in a petition styled *Rogers v. Director, TDCJ-CID*, NO. 4:13cv535 (E.D. Tex.). The record in Civil Action No. 4:13cv535 contains the trial court record and transcript.

5

court. The Southern and Western Districts stated convictions arising from multiple indictments tried together could be challenged in a single petition. The Northern District told him separate petitions should be filed. This court did not reply, but sent him two forms.

The magistrate judge concluded petitioner was not entitled to equitable tolling. She stated petitioner's ignorance of this law–in this case whether a single petition or separate petitions should be filed– did not provide a basis for equitable tolling. She further concluded, based on decisions of the Fifth Circuit, that a nine month delay in filing this federal petition was too long a delay to warrant equitable tolling.

Petitioner objects. He states it is not ignorance of the law to attempt to provide the court with accurate filings and to seek additional information concerning the proper method of filing a petition.

As the magistrate judge observed, while petitioner's confusion regarding how many petitions he should file is perhaps understandable, it does not provide him with a basis for equitable tolling. In general, equitable tolling is warranted only in situations where the "[petitioner] is actively misled by the [respondent] or ... is prevented in some extraordinary way from asserting his rights." *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2012) (internal quotation marks and citations omitted). Ignorance of the law, even for a prisoner proceeding *pro se*, is not sufficient to justify equitable tolling. *Fierro v. Cockrell*, 294 F.3d 226, 230 (5th Cir. 2002); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999). Petitioner's confusion as to how many petitions to file therefore does not constitute the type of extraordinary circumstances that would entitle him to equitable tolling. As the magistrate judge stated, he could have filed a single petition which the court could have deemed acceptable or severed into two petitions. As petitioner has not demonstrated extraordinary circumstances kept him from filing his petition in a timely fashion, and as the nine month delay in filing his federal petition prevents the conclusion that petitioner diligently pursued his rights, petitioner is therefore not entitled to equitable tolling.

Petitioner's grounds for review relating to missing or incomplete exhibits were asserted after the period of limitations expired because the period of limitations regarding these claim began to run

when his conviction became final. Even if it were conceded that the claims relating to missing or incomplete exhibits were not barred by the applicable statute of limitations, these ground for review would not provide petitioner with a basis for relief. A writ of habeas corpus will not be granted in every instance in which the state has failed to conform to constitutional requirements. *Clark v. Maggio*, 737 F.2d 471, 475-76 (5th Cir. 1984). Before a court may "issue the Great Writ, the petitioner must demonstrate that he has suffered some prejudice as a result of the alleged constitutional violation ...." *Brown v. Collins*, 937 F.2d 175, 182 (5th Cir. 1991). Petitioner has failed to demonstrate he suffered prejudice as a result of the missing or incomplete exhibits. Petitioner did not assert any grounds for review in his direct appeal that were related to the DNA evidence. Nor has he shown what grounds of review he would have been able to raise if Exhibit 20 and the graph had been part of the record. He has therefore failed to demonstrate that the state court record allegedly being incomplete resulted in prejudice. As petitioner has not shown he suffered prejudice as a result of exhibits being missing or incomplete, his related grounds for review would not provide him with a basis for relief even if they were not barred by limitations.

The Report of Magistrate Judge Nowak, which contains her proposed findings of fact and conclusions of law, as well as a recommendation for the disposition of this action, has been presented for consideration, and having made a *de novo* review of the objections raised by petitioner to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and that petitioner's objections are without merit. Therefore, the Court adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the petition for a writ of habeas corpus which has been filed pursuant to 28 U.S.C. § 2254 is **DISMISSED** as barred by the applicable statute of limitations. All motions not previously ruled on are hereby **DENIED**.

In addition, the court is of the opinion petitioner is not entitled to a certificate of appealability. Petitioner has not shown that the issue of whether his petition is barred by the

applicable statute of limitations is subject to debate among jurist of reason. The factual and legal questions raised by petitioner have been consistently resolved adversely to his position and the questions are not worthy of encouragement to proceed further. As a result, a certificate of appealability is **DENIED**.

**SIGNED this 21st day of September, 2016.**

---
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE